Submitted September 30; remanded for resentencing, otherwise affirmed
November 27, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MAX PAUL MONTANO, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
17CR64866; A167088

452 P3d 1082

Eric Butterfield, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

In this criminal appeal, defendant raises three assignments of error and two supplemental assignments of error. In his first two assignments, he challenges the trial court's denial of his motions for judgment of acquittal with respect to a count for unlawful use of dangerous weapon and a count for felon in possession of a firearm. We reject those two assignments of error without discussion. In his supplemental assignments, defendant asserts that the trial court erred by instructing the jury that it could return nonunanimous verdicts and by accepting nonunanimous jury verdicts on Counts 1-4 and 7. We also reject those assignments of error without written discussion. As for defendant's remaining assignment of error, he contends that the trial court violated his right, under Article I, section 11, of the Oregon Constitution, to speak personally and through counsel at sentencing. The state concedes that the trial court prevented defendant's attorney from making a legal argument on defendant's behalf at sentencing and that that was error. *See State v. Southards*, 172 Or App 634, 642, 21 P3d 123 (2001) (it was error that the "trial court proceeded to impose sentence on [defendant] without permitting either defense counsel or defendant to comment on the new information before the court"). We agree, accept the state's concession, and remand for resentencing.

Remanded for resentencing; otherwise affirmed.